**Web Pages Cited in the Opinion**


Courts Home | Court Rules


Search | Site Map | eService Center

RULE 3.3
CANDOR TOWARD THE TRIBUNAL

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client unless such disclosure is prohibited by Rule 1.6;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) offer evidence that the lawyer knows to be false.

(b) The duties stated in paragraph (a) continue to the conclusion of the proceeding.

(c) If the lawyer has offered material evidence and comes to know of its falsity, the lawyer shall promptly disclose this fact to the tribunal unless such disclosure is prohibited by Rule 1.6.

(d) If the lawyer has offered material evidence and comes to know of its falsity, and disclosure of this fact is prohibited by Rule 1.6, the lawyer shall promptly make reasonable efforts to convince the client to consent to disclosure. If the client refuses to consent to disclosure, the lawyer may seek to withdraw from the representation in accordance with Rule 1.16.

(e) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(f) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Comment

[1] [Washington revision] This Rule governs the conduct of a lawyer who is representing a client in the proceedings of a tribunal. See Rule 1.0(m) for the definition of "tribunal." It also applies when the lawyer is representing a client in an ancillary proceeding conducted pursuant to the tribunal's adjudicative authority, such as a deposition.

[2] This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal. Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for

the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false.

Representations by a Lawyer

[3] [Washington revision] An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare Rule 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in Rule 1.2(d) not to counsel a client to commit or assist the client in committing a fraud applies in litigation. Regarding compliance with Rule 1.2(d), see the Comment to that Rule. See also Comment [4] to Rule 8.4.

Legal Argument

[4] Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

Offering Evidence

[5] [Reserved.]

[6] If a lawyer knows that the client intends to testify falsely or wants the lawyer to introduce false evidence, the lawyer should seek to persuade the client that the evidence should not be offered. If the persuasion is ineffective and the lawyer continues to represent the client, the lawyer must refuse to offer the false evidence. If only a portion of a witness's testimony will be false, the lawyer may call the witness to testify but may not elicit or otherwise permit the witness to present the testimony that the lawyer knows is false.

[7] [Washington revision] The duties stated in paragraphs (a) apply to all lawyers, including defense counsel in criminal cases. In some jurisdictions other than Washington, however, courts have required counsel to present the accused as a witness or to give a narrative statement if the accused so desires, even if counsel knows that the testimony or statement will be false. The obligation of the advocate under the Rules of Professional Conduct is subordinate to such requirements. See State v. Berrysmith, 87 Wn. App. 268, 944 P.2d 397 (1997), review denied, 134 Wn.2d 1008, 954 P.2d 277 (1998).

[8] The prohibition against offering false evidence only applies if the lawyer knows that the evidence is false. A lawyer's reasonable belief that evidence is false does not preclude its presentation to the trier of fact. A lawyer's knowledge that evidence is false, however, can be inferred from the circumstances. See Rule 1.0(f). Thus, although a lawyer should resolve doubts about the veracity of testimony or other evidence in favor of the client, the lawyer cannot ignore an obvious falsehood.

[9] [Reserved.]

Remedial Measures

[10] [Reserved.]

[11] The disclosure of a client's false testimony can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process which the adversary system is designed to implement. See Rule 1.2(d). Furthermore, unless it is clearly understood that the lawyer will act upon the duty to disclose the existence of false evidence, the client can simply reject the lawyer's advice to reveal the false evidence and insist that the lawyer keep silent. Thus the client could in effect coerce the lawyer into being a party to fraud on the court.

Preserving Integrity of Adjudicative Process

[12] [Washington revision] Lawyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process, such as bribing, intimidating or otherwise unlawfully communicating with a witness, juror, court official or other participant in the proceeding, unlawfully destroying or concealing documents or other evidence or failing to disclose information to the tribunal when required by law to do so.

Duration of Obligation

[13] A practical time limit on the obligation to rectify false evidence or false statements of law and fact has to be established. The conclusion of the proceeding is a reasonably definite point for the termination of the obligation. A proceeding has concluded within the meaning of this Rule when a final judgment in the proceeding has been affirmed on appeal or the time for review has passed.

Ex Parte Proceedings

[14] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in any ex parte proceeding, such as an application for a temporary restraining order, there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

Withdrawal

[15] [Washington revision] Normally, a lawyer's compliance with the duty of candor imposed by this Rule does not require that the lawyer withdraw from the representation of a client whose interests will be or have been adversely affected by the lawyer's disclosure. The lawyer may, however, be required by Rule 1.16(a) to seek permission of the tribunal to withdraw if the lawyer's compliance with this Rule's duty of candor results in such an extreme deterioration of the client-lawyer relationship that the lawyer can no longer competently represent the client. See also Rule 1.16(b) for

the circumstances in which a lawyer will be permitted to seek a tribunal's permission to withdraw. In connection with a request for permission to withdraw that is premised on a client's misconduct, a lawyer may reveal information relating to the representation as permitted by Rule 1.6.

[Amended effective September 1, 2006.]

---

**Click here** to view in a PDF.

Courts | Organizations | News | Opinions | Rules | Forms | Directory | Library
Back to Top | Privacy and Disclaimer Notices

http://www.courts.wa.gov/court_rules/?fa=court_rules.display&group=ga&set=RPC&rulei...    6/25/2010